UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                            Case Nos.:  4:22cr29/RH/MAL
                                            4:24cv251/RH/MAL

LEONARD CULL

---

**REPORT AND RECOMMENDATION**

This case is before me on the Government's Stipulation to Defendant's Entitlement to File an Out-of-Time Appeal. ECF No. 118.[1]

On July 13, 2023, the district court sentenced Defendant Leonard Cull to a total term of 180 months' imprisonment after his conviction of controlled substance and firearm offenses. ECF No. 74. Judgment was entered on July 17, 2023, and no appeal was filed. ECF No. 76.

The clerk received Mr. Cull's unsigned, undated "Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255" on June 20, 2024. ECF No. 101. Having received no § 2255 motion, the clerk

---

[1] The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

opened the submission as a § 2255 motion, and it was thus timely filed. 28 U.S.C. § 2255(f).

In July of 2024, Mr. Cull filed his amended § 2255 motion pursuant to court order. ECF Nos. 102, 103. His lone claim is that his attorney was constitutionally ineffective for failing to file a direct appeal as requested. ECF No. 103. The Government responded in opposition, asserting, supported by an affidavit from former counsel, that Mr. Cull's motion should be denied and no hearing is warranted. ECF No. 108. Given the opposing sworn statements,[2] I appointed counsel to represent Mr. Cull. ECF Nos. 109, 112. Mr. Cull's new attorney, Benjamin Stevenson, filed a reply in support of a § 2255 hearing, a consent motion for discovery and a consent motion for a writ of habeas corpus ad testificandum. ECF Nos. 113-115.

---

[2] Mr. Cull states in his § 2255 motion "[O]n or about July 13, 2023, [he] requested defense counsel Gary Roberts to file a direct appeal." ECF No. 103-1 at 4. After some difficulty being able to reach counsel, Mr. Cull spoke to his attorney again on or about July 25, 2023, and counsel told Mr. Cull he had "already taken care of everything." *Id.* Mr. Cull only "inadvertently discovered" counsel had never filed a notice of appeal as he had requested. *Id.*

In Mr. Roberts' affidavit he states his client acknowledged "after the sentence was announced, that he was satisfied, and an appeal was not necessary." ECF No. 108-1 at 2. Mr. Roberts also recalls that before sentencing, he and Mr. Cull had agreed "if [they] were lucky, the judge would sentence [Mr. Cull] to 15-year sentence on his main case, with a concurrent VOSR sentence." *Id.* at 1. This was the sentence he received.

On October 16, 2024, I entered an Order granting Mr. Cull's motion for discovery and indicating that an evidentiary hearing would be set by separate order. Counsel were directed, via email, to advise my chambers of their availability for a hearing in the coming months.

The Government has now filed a stipulation withdrawing its opposition to Defendant being afforded an out-of-time appeal.

If a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *Roe v. Flores Ortega*, 528 U.S. 470, 477 (2000) (*citing Rodriguez v. United States*, 395 U.S. 327 (1969); *Peguero v. United States*, 526 U.S. 23, 28 (1999)). Because a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal. *Id.; Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). Whether there was a meritorious basis for an appeal is irrelevant to counsel's duty to file a notice of appeal as requested. *See Thompson v. United States*, 504 F.3d 1203, 1208 (11th Cir. 2007). Here, the Government states "[f]urther investigation has revealed it cannot be stated with absolute certainty that the defendant did not request a direct appeal be taken during the fourteen day period

following entry of judgment." ECF No. 118 at 1. It therefore agrees Mr. Cull is entitled to § 2255 relief so that he may take an out-of-time appeal, or at minimum confer with counsel about how he wishes to proceed in light of the current state of the law.

In the Eleventh Circuit, the proper procedure when an out-of-time appeal is warranted is: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be re-imposed; (3) upon re-imposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is fourteen days, which is dictated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005) (quoting *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000)); *United States v. Palacios*, 516 F. App'x 734 (11th Cir. 2013); *United States v. Nelson*, No. 23-11293, 2024 WL 2750464, at *7 (11th Cir. 2024). Any remaining claims, of which there are none in this case, would be dismissed without prejudice to their reassertion, if appropriate, upon conclusion of his direct appeal. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) ("We think the best

approach is to dismiss without . . . the resolution of remaining collateral claims pending the direct appeal."). "'[A]n order granting a § 2255 petition, and reimposing sentence, will reset to zero the counter of collateral attacks pursued and will not render subsequent collateral proceedings 'second or successive.'" *Id.*, 307 F.3d at 1332 (quoting *Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998)).

Based on the foregoing, it is respectfully RECOMMENDED:

1. Cull's amended motion to vacate, ECF No. 103, be GRANTED.
2. Cull's criminal judgment be vacated and the same sentence be reimposed.
3. CJA counsel Benjamin Stevenson's appointment be extended for the purpose of pursuing an appeal, or at minimum consulting with Cull with respect to his desire to appeal.

At Gainesville, Florida on October 29, 2024.

s/ *Midori A. Lowry*  
Midori A. Lowry  
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.